EdiZONE, LLC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorney for Plaintiff,
EdiZONE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HOMEDICS, INC., a Michigan corporation, INTERNATIONAL AUTO PARTS, INC., a Virginia corporation, RELAX THE BACK CORPORATION, a Delaware corporation, and DOES 1 – 50,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:10-cv-00908-DB<br><br>Judge Dee Benson |

EdiZONE, LLC, Plaintiff, hereby alleges and claims against Defendants, Homedics, Inc., International Auto Parts, Inc., Relax The Back Corporation, and Does 1 – 50, as follows:

PARTIES, JURISDICTION & VENUE

1.      Plaintiff, EdiZONE, LLC, is a Delaware limited liability company with its principle place of business in Alpine, Utah (hereafter "EdiZONE").  EdiZONE is the current owner of certain patents referenced below.

2. On information and belief, EdiZONE believes the following as to each of the Defendants:

a. Defendant Homedics, Inc. (hereafter "HOMEDICS") is a Michigan corporation who sells and distributes various products, including a Gel Seat, throughout the United States of America, including in the State of Utah. HOMEDICS is the successor in interest to Obus Forme Ltd, a Canadian company. HOMEDICS' principle place of business is in Commerce Township, Michigan;

b. Defendant International Auto Parts, Inc. (hereafter "IAP") is a Virginia corporation who sells and distributes various products, including HOMEDICS' Gel Seat, throughout the United States of America, including in the State of Utah. IAP does so through DrivingComfort.com, AutoSportCatalog.com and AutoSport Catalogs. IAP's principle place of business is in Charlottesville, Virginia;

c. Defendant Relax The Back Corporation (hereafter "RTB") is a Delaware corporation who sells and distributes various products, including HOMEDICS' Gel Seat, throughout the United States of America, including in the State of Utah. RTB does so through the internet and retail stores. RTB's principle place of business is in La Palma, California; and

d. Defendants Does 1 – 50 are entities who have infringed, or individuals who are principals causing other Defendants to infringe, are individuals or entities who have contributed to or induced other Defendants to infringe or who are otherwise liable to EdiZONE, and leave will be sought hereafter to bring them into this action as deemed necessary or appropriate and/or their identities become known.

3. On information and belief, Defendants conduct business in the State of Utah and/or otherwise have substantial contacts with Utah and avail themselves of the benefits and protections of Utah law by shipping, distributing and/or selling products in the stream of commerce with the intent that they are sold to consumers within the State of Utah. Each Defendant has committed patent infringement within the State of Utah in violation of the laws of the United States of America.

4. This Court has personal jurisdiction over the Defendants.

5. Subject matter jurisdiction and venue are founded upon 28 U.S.C. § 1331, 1338(a), 1391 and 1400(b).

## GENERAL ALLEGATIONS

6. Defendants are either making, having made, using and/or selling, or with actual or constructive knowledge are inducing other Defendants to make, use or sell, within the United States of America a Gel Seat branded ObusForme by HoMedics (the "PRODUCT") that is being sold and/or has been sold to consumers through IAP's and TRB's internet sites, catalogs or retail stores, and through other retailers of the PRODUCT elsewhere in the United Stated of America, or they are selling or importing into the United States of America a gel component of the PRODUCT with knowledge that the component is especially designed for use in the PRODUCT and is not a staple article of commerce suitable for substantial uses other than in the Product.

7. After receiving notice that the PRODUCT infringes upon the patents owned by EdiZONE, Defendants have refused to cease and desist their unlawful conduct and/or have refused to pay to EdiZONE fair compensation for all past, present and future use of the intellectual property owned by EdiZONE.

8.       EdiZONE is forced by Defendants' conduct to seek protection of its patents and appropriate compensation from the Defendants.

## CLAIMS FOR RELIEF

### First Claim for Relief
(Infringement of US Patent 5,749,111)

9.       EdiZONE incorporates herein its allegations set forth elsewhere in this complaint.

10.      On May 12, 1998, U.S. Patent No. 5,749,111 (the "111 PATENT") issued and thereafter through various assignments is now legally assigned to and owned by EdiZONE.

11.      The PRODUCT reads on one or more claims of the 111PATENT.

12.      Defendants have actual notice of the 111 PATENT through a notice that has been sent to Defendants and/or they have constructive notice through patent markings.

13.      Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the 111 PATENT induce other Defendants to make, use or sell, the PRODUCT in the United States of America, or to sell or import into the United States of America a component of the PRODUCT with knowledge that the component is especially designed for use in the PRODUCT and is not a staple article of commerce suitable for substantial uses other than in the PRODUCT.

14.      Accordingly, Defendants are liable for direct infringement, for inducing infringement and/or for contributory infringement.

15.      Upon information and belief, if not enjoined by the Court, Defendants will continue to infringe the 111 PATENT, induce infringement of the 111 PATENT, and/or contribute to infringement of the 111 PATENT.

16.     Upon information and belief, Defendants have acted and are acting willfully and with deliberate disregard of EdiZONE's rights in the 111 PATENT.

17.     EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of PRODUCT sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees. EdiZONE also is entitled to appropriate injunctive relief.

Second Claim for Relief
(Infringement of US Patent 6,026,527)

18.     EdiZONE incorporates herein its allegations set forth elsewhere in this complaint.

19.     On February 22, 2000, U.S. Patent No. 6,026,527 (the "527 PATENT") issued and thereafter through various assignments is now legally assigned to and owned by EdiZONE.

20.     The PRODUCT reads on one or more claims of the 527 PATENT.

21.     Defendants have actual notice of the 527 PATENT through a notice that has been sent to Defendants and/or they have constructive notice through patent markings.

22.     Defendants do not have a licensed right to make, have made, use or sell, or with actual or constructive knowledge of the 527 PATENT induce other Defendants to make, use or sell, the PRODUCT in the United States of America, or to sell or import into the United States of America a component of the PRODUCT with knowledge that the component is especially designed for use in the PRODUCT and is not a staple article of commerce suitable for substantial uses other than in the PRODUCT.

23.     Accordingly, Defendants are liable for direct infringement, for inducing infringement and/or for contributory infringement.

24. Upon information and belief, if not enjoined by the Court, Defendants will continue to infringe the 527 PATENT, induce infringement of the 527 PATENT, and/or contribute to infringement of the 527 PATENT.

25. Upon information and belief, Defendants have acted and are acting willfully and with deliberate disregard of EdiZONE's rights in the 527 PATENT.

26. EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of PRODUCT sold, prejudgment and post judgment interest thereon, and exemplary damages and attorneys' fees. EdiZONE also is entitled to appropriate injunctive relief.

## PRAYER

WHEREFORE, EdiZONE prays for the following relief:

1. A monetary judgment to compensate EdiZONE for its damages;

2. Interest, prejudgment and post judgment, on the monetary judgment;

3. Exemplary damages, costs and attorneys' fees as allowed by law;

4. Injunctive relief and any other equitable relief to prevent continuing damages;

5. All such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

EdiZONE demands a trial by jury on all issues so triable.

DATED this 16th day of September, 2010.

                                                                                    _/Casey K. McGarvey/_
                                                                                    Casey K. McGarvey
                                                                                   Attorney for EdiZONE, LLC

Plaintiff's Address:
EdiZONE, LLC
123 East 200 North
Alpine, Utah 84004