ERIK A. CHRISTIANSEN (7372)
MICHAEL R. MCCARTHY (8850)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

MARK A. CANTOR (*pro hac vice motion to be submitted*)
MATTHEW M. JAKUBOWSKI (*pro hac vice motion to be submitted*)
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
(248) 358-4400
mcantor@brookskushman.com
mjakubowski@brookskushman.com

Attorneys for Defendant
HOMEDICS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| EDIZONE, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HOMEDICS, INC., et al.,<br><br>    Defendants. | **DEFENDANT HOMEDICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Case No.: 2:10-cv-00908-DB<br><br>Judge Dee Benson |

HoMedics, Inc. ("HOMEDICS") files this Answer to Plaintiff EdiZONE, LLC's ("EdiZONE") Complaint and states as follows:

## PARTIES, JURISDICTION & VENUE

1. HOMEDICS does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. As to defendant HOMEDICS only, HOMEDICS admits that it is a Michigan corporation with its primary office located in Commerce Township, Michigan. HOMEDICS otherwise denies the allegations in paragraph 2.

3. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 3.

4. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required. As to defendant HOMEDICS only, HOMEDICS admits the allegations of paragraph 4.

5. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. HOMEDICS admits that subject matter jurisdiction and venue are founded under to 28 U.S.C. §§ 1331, 1338(a), 1391 and 1400(b). However, HOMEDICS denies that the District of Utah is the most convenient forum.

## GENERAL ALLEGATIONS

6. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 6.

7. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 7.

8. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 8.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Infringement of US Patent 5,749,111)

9. HOMEDICS realleges and incorporates by reference its responses to paragraphs 1 through 8 as though fully set forth herein.

10. HOMEDICS admits that U.S. Patent No. 5,749,111 issued on May 12, 1998. Otherwise, HOMEDICS does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11. Denied.

12. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 12.

13. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 13.

14. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 14.

15. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 15.

16. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 16.

17. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 17.

**Second Claim for Relief**
**(Infringement of US Patent 6,026,527)**

18. HOMEDICS realleges and incorporates by reference its responses to paragraphs 1 through 17 as though fully set forth herein

19. HOMEDICS admits that U.S. Patent No. 6,026,527 issued on February 22, 2000. Otherwise, HOMEDICS does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies the same.

20. Denied.

21. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 21.

22. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 22.

23. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 23.

24. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 24.

25. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 25.

26. To the extent this paragraph is directed to defendants other than HOMEDICS, no response is required from HOMEDICS. Otherwise, HOMEDICS denies the allegations of paragraph 26.

**AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint not otherwise admitted, HOMEDICS avers and asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c) and 35 U.S.C. § 282.

**First Affirmative Defense (Failure to State a Claim)**

EdiZONE's Complaint fails to state a claim against HOMEDICS upon which relief can be granted.

**Second Affirmative Defense (Non-Ingfringement)**

HOMEDICS does not infringe the 111 PATENT or the 527 PATENT either directly or indirectly.

**Third Affirmative Defense (Invalidity)**

The 111 and 527 PATENTS are invalid and/or unenforceable for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

**Fourth Affirmative Defense (Laches and Equitable Estoppel)**

EdiZONE is barred from obtaining all, or part, of the relief it seeks under the equitable doctrines of laches and/or estoppel.

**Fifth Affirmative Defense (Failure to Prove Notice)**

EdiZONE is not entitled to any damages prior to the time it provided notice of the alleged infringement of the 111 and 527 PATENTS.

**Sixth Affirmative Defense (Prosecution History Estoppel)**

EdiZONE's claims are barred in whole or in part by prosecution history estoppel.

**Seventh Affirmative Defense (Unclean Hands)**

EdiZONE's claims are barred in whole or in part by the doctrine of unclean hands.

**Eighth Affirmative Defense (Failure to Mitigate Damages)**

EdiZONE's claims are barred in whole or in part due to its failure to mitigate damages, if any.

### Ninth Affirmative Defense (Standing)

EdiZONE's claims are barred in whole or in part for lack of standing.

### Tenth Affirmative Defense (Issue Preclusion)

EdiZONE's claims are barred in whole or in part by the doctrine of issue preclusion.

### Eleventh Affirmative Defense (Doctrine of Intervening Rights)

EdiZONE's claims are barred in whole or in part based on the doctrine of intervening rights.

### Twelfth Affirmative Defense (Patent Exhaustion)

EdiZONE's claims are barred in whole or in part based on the doctrine of patent exhaustion.

### Thirteenth Affirmative Defense (Forum Non Conveniens)

The Court should decline to exercise jurisdiction over this case pursuant to forum non conveniens.

### Fourteenth Affirmative Defense (Patent Misuse)

EdiZONE's claims are barred based on patent misuse or other grounds.

HOMEDICS reserves the right to assert additional affirmative defenses as they become known through discovery or otherwise.

### COUNTERCLAIMS

Counterclaiminat Homedics, Inc. ("HOMEDICS") hereby demands a trial by jury on all issues so triable, and for the counterclaims against EdiZONE, LLC ("EdiZONE") as follows:

### THE PARTIES

1.   HoMedics, Inc. is a Michigan corporation with its primary office located in Commerce Township, Michigan.

2. EdiZONE alleges in paragraph 1 of its complaint that it is a Delaware limited liability company with its principal place of business in Alpine, Utah.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Act, 35 U.S.C. § 101 et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. An actual controversy exists between HOMEDICS and EdiZONE regarding the patents-in-suit. HOMEDICS denies that it infringes any claim of the patents and contends that any relevant claims of the patents-in-suit are invalid. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. EdiZONE has subjected itself to personal jurisdiction of this Court by instituting this action.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,749,111)**

5. HOMEDICS incorporates and realleges Counterclaim paragraphs 1-4 above as though fully set forth herein.

6. EdiZONE purports to be the current owner of the 111 PATENT.

7. EdiZONE has alleged in this action that HOMEDICS has infringed, and continues to infringe, the 111 PATENT either directly, contributorily, or by inducement.

8. An active controversy exists between HOMEDICS and EdiZONE as to the alleged infringement of the 111 PATENT.

9. HOMEDICS has not infringed, has not actively induced others to infringement, and has not contributed to the infringement of any valid and enforceable claims of the 111 PATENT.

10. HOMEDICS is entitled to a declaration by this Court that HOMEDICS has not infringed, and is not infringing, the 111 PATENT either directly, contributorily, or by inducement.

11. HOMEDICS is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,026,527)**

12. HOMEDICS incorporates and realleges Counterclaim paragraphs 1-11 above as though fully set forth herein.

13. EdiZONE purports to be the current owner of the 527 PATENT.

14. EdiZONE has alleged in this action that HOMEDICS has infringed, and continues to infringe, the 527 PATENT either directly, contributorily, or by inducement.

15. An active controversy exists between HOMEDICS and EdiZONE as to the alleged infringement of the 527 PATENT.

16. HOMEDICS has not infringed, has not actively induced others to infringement, and has not contributed to the infringement of any valid and enforceable claims of the 527 PATENT.

17. HOMEDICS is entitled to a declaration by this Court that HOMEDICS has not infringed, and is not infringing, the 527 PATENT either directly, contributorily, or by inducement.

18. HOMEDICS is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,749,111)**

19. HOMEDICS incorporates and realleges Counterclaim Paragraphs 1-18 above as though fully set forth herein.

20. An actual controversy exists between HOMEDICS and EdiZONE as to the validity of the 111 PATENT.

21. One or more claims of the 111 PATENT are invalid for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

22. HOMEDICS is entitled to a declaration by this Court rendering some or all of the claims of the 111 PATENT invalid.

23. HOMEDICS is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,026,527)

24. HOMEDICS incorporates and realleges Counterclaim Paragraphs 1-23 above as though fully set forth herein.

25. An actual controversy exists between HOMEDICS and EdiZONE as to the validity of the 527 PATENT.

26. One or more claims of the 527 PATENT are invalid for failure to meet the requirements of one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

27. HOMEDICS is entitled to a declaration by this Court rendering some or all of the claims of the 527 PATENT invalid.

28. HOMEDICS is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## PRAYER FOR RELIEF

**WHEREFORE**, HOMEDICS prays for the following relief:

A. That the Complaint of EdiZONE be dismissed with prejudice;

B. That the relief sought by EdiZONE be denied including, without limitation, all asserted damages, injunctive relief or fees;

C. That judgment be entered in favor of HOMEDICS declaring that the 111 PATENT is invalid, unenforceable, and not infringed by HOMEDICS;

D. That judgment be entered in favor of HOMEDICS declaring that the 527 PATENT is invalid, unenforceable, and not infringed by HOMEDICS;

E. That judgment be entered in favor of HOMEDICS declaring that any relief which could or is sought by Plaintiff is barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence

F. That EdiZONE and its agents, assignees and licensees, if any be enjoined from asserting the 111 PATENT against HOMEDICS or any actual or potential customer or supplier of HOMEDICS;

G. That EdiZONE and its agents, assignees and licensees, if any be enjoined from asserting the 527 PATENT against HOMEDICS or any actual or potential customer or supplier of HOMEDICS;

H. That HOMEDICS be awarded its reasonable attorneys' fees, costs, and expenses in connection with the present litigation, including without limitation pursuant to 35 U.S.C. §285; and

I. That HOMEDICS be awarded such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY

HOMEDICS demands a trial by jury for all issues so triable.

Dated:  April 11, 2011.

Respectfully submitted,

/s/ Michael R. McCarthy
Erik A. Christiansen
Michael R. McCarthy
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main St., Suite 1800
Salt Lake City, UT  84111-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com

Mark A. Cantor (*pro hac vice motion to be submitted*)
Matthew M. Jakubowski (*pro hac vice motion to be submitted*)
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
(248) 358-4400
mcantor@brookskushman.com
mjakubowski@brookskushman.com

Attorneys for Defendant Homedics, Inc.

## CERTIFICATE OF SERVICE

On this 11th day of April 2011, I hereby certify that I electronically filed the foregoing **DEFENDANT HOMEDICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which sent notice of such filing to all attorneys of record.

/s/ Michael R. McCarthy